UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
AARON PARKER,

              Plaintiff,

v.

CHAPLAIN TERESA DARDEN, SHERIFF
LOUIS FALCO III; SGT. LOUIS FALCO
IV; LT. JOHN BYRON; and CHIEF OF
CORRECTIONS ANTHONY J. VOLPE,

              Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 6532 (VB)

Briccetti, J.:

    Plaintiff Aaron Parker,[1] currently incarcerated at Clinton Correctional Facility, who identifies as Muslim, brings this action pro se and in forma pauperis ("IFP") under 42 U.S.C. § 1983, alleging defendants violated his constitutional right under the First Amendment to freedom of religion while he was incarcerated at Rockland County Jail.

    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    Now pending are (i) defendants' motion to dismiss the complaint pursuant to 28 U.S.C. § 1915(g) (Doc. #23), and (ii) plaintiff's motion for appointment of counsel (Doc. #28 at 1).

    For the reasons set forth below, both motions are DENIED.

---

[1] When the complaint was originally filed there were four plaintiffs, Aaron Parker, Patricia Mortel, Sheikh Afzal, and James C. King. By Orders dated October 21, 2016, and November 6, 2017, the Court dismissed plaintiffs Afzal, King, and Mortel pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a Court order. (Docs. ##8, 30). As a result, Parker is the only plaintiff remaining in the case.

1

I.   Defendants' Motion to Dismiss

Defendants argue plaintiff's IFP status in this case should be revoked because three prior federal actions plaintiff brought were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

The Court disagrees.

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

However, this is not without limit. In particular, Section 1915(g) contains the following restriction:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Referred to as the "three strikes" rule, this provision "was designed to filter out the bad claims and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1764 (2015) (internal quotation marks omitted).

Here, plaintiff has brought multiple lawsuits in which he proceeded IFP. At least three of those actions were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (i) Parker v. Zugibe, No. 16-CV-6480, dismissed on September 7, 2016; (ii) Parker v. Specht, No. 16-CV-5580, also dismissed on September 7, 2016; and (iii) Parker v. Zuckerman, No. 16-CV-5579, dismissed on September 8, 2016. Indeed, by Order dated December 19, 2016, the Court "barred" plaintiff "from filing future actions IFP in this Court

while a prisoner unless he is under imminent threat of serious physical injury." Parker v. Falco III, et al., No. 16-CV-7168 (Doc. #9).

Plaintiff's complaint and IFP application in this case were filed on the docket on August 17, 2016. (Docs. ##1, 3). However, his application to proceed IFP was not granted until October 21, 2016. (Doc. #7).

Defendants argue the October 21, 2016, date determines when the action was "brought" for Section 1915(g) purposes because "'[a] complaint tendered IFP cannot technically be 'filed' until either leave to proceed IFP has been granted or the plaintiff has remitted the filing fee.'" (Defs.' Reply at 2, quoting Dzaba v. Blyth Eastman Paine Webber, 1985 WL 199, at *2 (S.D.N.Y. Jan. 17, 1985)[2]).

The Court disagrees.

The word "file" does not appear in Section 1915(g). Rather, Section 1915(g) uses the word "bring." The Second Circuit has noted in this context that "[t]he use of the word 'bring' offers a clear indication that the provision goes into effect—and bars the suit under the in forma pauperis section—at the moment the plaintiff files his complaint or notice of appeal." Harris v. City of New York, 607 F.3d 18, 21-22 (2d Cir. 2010). While the Harris court used the word "file" in its definition of "bring," the case it cites for this proposition suggests it did not mean when the IFP application is granted. In particular, the Harris court cited Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998), and quoted in a parenthetical text from Banos which says, "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made." Id. at 22 (emphasis added).

---

[2]  Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

3

Moreover, the Second Circuit has indicated—though not in the Section 1915(g) context specifically—that it is the time plaintiff submits his complaint to the Clerk of Court that should be considered. See Rosenberg v. Martin, 478 F.2d 520, 522 n.1a (2d Cir. 1973) (agreeing with the district court that although "[t]he complaint was not formally filed" until the IFP application was granted, "[t]he action must be treated as commenced . . . when the Clerk of Court received the complaint," several weeks earlier); Toliver v. Sullivan Cty., 841 F.2d 41, 42 (2d Cir. 1988) (holding the delay between when the plaintiff submitted his complaint and when his IFP application was granted "should not work to [the plaintiff's] disadvantage" for statute of limitations purposes).

In addition, at least one Circuit Court of Appeals agrees with the Court's conclusion here. See O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) ("we conclude that a plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court"). But see Gibbs v. Ryan, 160 F.3d 160, 162 (3d Cir. 1998) ("His complaint was filed, and his action was 'brought' when his motion to proceed in forma pauperis was granted."); see also Perkins v. Napoli, 2012 WL 5464607, at *3 (W.D.N.Y. Nov. 8, 2012) (holding that even in the Section 1915(g) context, the "[p]laintiff's action was not properly filed until this Court granted his IFP application.").

Finally, policy considerations also support the Court's ruling. If courts made their "three strikes" determinations based on when an IFP application was granted, "similar in forma pauperis actions would be treated differently on the basis of how quickly the [court] acted on them," Urrutia v. Harrisburg Cty. Police Dep't, 91 F.3d 451, 459 (3d Cir. 1996), potentially penalizing litigants for a delay that is not under their control.

As a result, the Court concludes the term "bring" in Section 1915(g) means when the complaint is submitted to the Clerk of the Court, not when the IFP application is granted.

Applying this rule here, plaintiff "brought" this action on August 17, 2016, three weeks before his third strike accrued.[3]

Accordingly, dismissal pursuant to Section 1915(g) is not warranted in this case.

II.     Plaintiff's Motion for Appointment of Counsel

In his opposition to defendant's motion to dismiss the complaint, plaintiff asks the Court to "please take further notice that Plaintiff[] request[s] the assistance of appointed counsel in the preparation, defense and representation herein." (Doc. #28 at 1) (emphasis omitted).

The Court has considered the type and complexity of this case, the merits of plaintiff's claims, and plaintiff's ability to present the case. The Court does not find any exceptional circumstances in plaintiff's case that would warrant appointment of counsel at this time. See 28 U.S.C. § 1915(e)(1); Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

Accordingly, plaintiff's application for appointment of counsel is DENIED WITHOUT PREJUDICE to renewal at a later stage in the case.[4]

---

[3] Other courts seem to count as "strikes" complaints that are brought before the complaint at issue, but dismissed later on. See, e.g., Burgess v. Conway, 631 F. Supp. 2d 280, 281 (W.D.N.Y. 2009); Bennett v. Brandeis, 2011 WL 335260, at *2 (S.D.N.Y. Jan. 19, 2011); Henry v. Davis, 2011 WL 2436916, at *1 (S.D.N.Y. June 6, 2011); Parker v. Falco, No. 16-CV-7168 (S.D.N.Y. Dec. 19, 2016). However, the Court declines to follow this logic in light of Coleman v. Tollefson, 135 S.Ct. 1759 (2015), in which the Supreme Court noted that the trial court's judgment constitutes a strike. Id. at 1764 (referring to the plaintiff's "third qualifying dismissal") (emphasis added).

[4] Plaintiff's opposition also contains a heading entitled "Motion to Stay Action." (Doc. #28 at 4). This appears to be typo, however, as there is no text within the document suggesting plaintiff seeks a stay. Furthermore, the Court sees no basis for a stay at this time. Accordingly, any intended application for a stay of proceedings is DENIED.

## CONCLUSION

Defendants' motion to dismiss the complaint is DENIED. Plaintiff's motion for appointment of counsel is DENIED.

By separate order, the Court will schedule an initial conference.

The Clerk is instructed to terminate defendants' motion. (Doc. #23).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: November 27, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge